IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR383 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE D. BUENROSTRO, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of defendant Jose D. Buenrostro to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Filing No. 131). The government responded to the § 2255 motion (Filing No. 134) and filed affidavits in support of its response (Filing No. 135). The Court has reviewed the record, the parties' submissions, and the relevant law, and the Court finds that Mr. Buenrostro's motion should be denied.

**BACKGROUND**

On October 21, 2009, a Grand Jury charged Mr. Buenrostro with one count of possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine (Indictment, Filing No. 1). At his arraignment, Mr. Buenrostro pleaded not guilty (Filing No. 10). Mr. Buenrostro filed a motion to suppress evidence, which was denied, and a trial date was set (Filing No. 70). On June 25, 2010, through his attorney,

P. Stephen Potter, Mr. Buenrostro filed a motion to continue trial "to allow the parties more time to arrive at a resolution in this matter" (Filing No. 71). The Court granted the motion (Filing No. 73).

On August 9, 2010, Mr. Potter filed a motion to withdraw, citing "a breakdown in the attorney/client relationship" (Filing No. 78). Magistrate Judge F. A. Gossett convened a hearing to consider the motion on August 25, 2010 (Filing No. 82). At the hearing, Mr. Potter advised the Court that he had negotiated a favorable plea agreement with the government that would allow for a sentence of 10 years, as opposed to a guidelines sentence of 360 months to life. Mr. Potter stated that Mr. Buenrostro's family supported the negotiations, but Mr. Buenrostro himself would not accept the negotiated sentence and did not care if he served life. Mr. Buenrostro himself testified that he was not guilty and that he had not known that any methamphetamine was in his car. Judge Gossett denied the motion to withdraw.

On September 14, 2010, being advised that Mr. Buenrostro wished to enter a plea, this Court set a date for a change of plea hearing (Filing No. 84). On September 16, 2010, Mr. Potter sent Mr. Buenrostro a letter (the "Potter Letter") stating, "As it was explained to you, you are looking at an offense level of 38 and a career criminal offender category that

will result in a sentence of 360 months to life according to the guidelines. . . . [The government has] offered to let you plead in such a way that would get your guideline provisions down to 121 months[.] This was all explained to you in court in Spanish and in English, and you refused to take the plea bargain, and informed the court that you were innocent because you had no knowledge of any drugs in your car" (Filing No. 135, Ex. 1, at 3). Mr. Potter described some of the evidence that would likely be used against Mr. Buenrostro at trial:

> I can tell you that I have recently been given the witness list by the government, which includes an ICE witness, which will show that you crossed into Mexico three days prior to being picked up in Ogallala, Nebraska. I can tell you that I do not think that we can be successful in our defense of not being aware that there was a compartment under the seat full of drugs, when you crossed into Mexico before coming to Nebraska and that you were not in Pomona, California waiting for the buyers to return your car, but were instead in Mexico.

(*Id.* at 3-4). Mr. Potter explicitly advised Mr. Buenrostro to accept the government's plea agreement:

> Once again, I can inform you that I feel you are making a mistake by not accepting the plea bargain and that the circumstances including your crossing into Mexico will support the government's indictment and leave the jury no alternative but to convict you. I seriously

> recommend that you take the offer
> the government has made.

(*Id.* at 4). The Court can be certain that Mr. Buenrostro received the Potter Letter because Mr. Buenrostro attached a copy of the Potter Letter to his own letter received by the Court on September 22, 2010.

At the plea hearing, held on September 24, 2010, Mr. Potter informed the Court that Mr. Buenrostro did not want to proceed with any plea and that Mr. Buenrostro again wanted Mr. Potter to withdraw as his attorney. Consequently, the Court granted an oral motion by Mr. Buenrostro for appointment of new counsel (Filing No. 86). A few days later, Mr. Potter moved to withdraw (Filing No. 87), and on November 22, 2010, attorney Glenn A. Shapiro filed a notice of his appearance on behalf of Mr. Buenrostro, by appointment of the federal public defender (Filing No. 90).

On December 14, 2010, again being advised that Mr. Buenrostro wished to enter a plea, this Court set a date for a change of plea hearing (Filing No. 91). At the hearing on December 20, 2010, now represented by Mr. Shapiro, Mr. Buenrostro stated that he did not want to enter a guilty plea and requested that the case be set for trial, with extra time allotted for research deemed excluded under the Speedy Trial Act (Filing No. 92).

Trial commenced on February 22, 2011, with Mr. Shapiro representing Mr. Buenrostro. On February 23, 2011, a jury found Mr. Buenrostro guilty of possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine as charged in Count I of the indictment (Filing No. 106). On June 2, 2011, Mr. Buenrostro was sentenced to 180 months imprisonment (which was a downward departure from the low end of the guideline sentence, 292 months) and supervised release following the imprisonment for a term of five years (Filing No. 113). Mr. Buenrostro's conviction and sentence were affirmed on appeal (Filing No. 126).

Mr. Buenrostro's present motion to vacate is based on a single ground of ineffective assistance of counsel. Mr. Buenrostro states that he "was personally encouraged by attorney Glen A. Shapiro that the government's case was very weak and with the many jury trials he conducted he felt sure of a win, not to take the plea offer" (Filing No. 131, at 9). Mr. Buenrostro stated that this is why he rejected the plea offer and proceeded to trial (*Id.* at 10). In addition, Mr. Buenrostro stated that Mr. Shapiro assured him that in the event of a guilty verdict at trial, Mr. Shapiro "was sure of getting my conviction overturned at the Circuit Court of Appeals" (*Id.*). Mr. Buenrostro states that he "was never afforded any competent legal [advice] toward the favorable plea offer of 10 years, instead of the 15 years he

received, not forgetting the misleading [advice] toward his appeal outcome" (*Id.* at 16). Moreover, Mr. Buenrostro "had <u>no</u> idea what so ever as to the consequences of going to a jury trial, as to the benefits of accepting a favorable plea offer of 10 years" (*Id.* at 18). Mr. Buenrostro states that but for "counsel's incompetent and misleading [advice], petitioner would have been crazy <u>not</u> to accept the 10 year offer" (*Id.* at 19). Mr. Buenrostro states that he "<u>never</u> claimed he was innocent to the contrary, going to a jury trial was <u>more</u> based upon his counsel's assurances" (*Id.* at 20).

In an affidavit dated October 2, 2012, Mr. Shapiro states, "After thoroughly reviewing the Rule 16 materials, I met with Mr. Buenrostro at the Cass County Jail several times to discuss his case. I advised him that in my professional opinion if he went to trial the jury would convict him" (Filing No. 135, Ex. 2, at 1). Mr. Shapiro states, "I advised him on at least three separate occasions that he should accept the 10 year plea offer of the government to avoid a lengthy prison sentence" (*Id.*). Furthermore,

> I was advised by Mr. Buenrostro that he understood that if he signed the plea agreement he would be sentenced to 10 years and then be deported. He has no family in Mexico as all of his family members are residing in the United States. Mr. Buenrostro told me that he would rather get a long sentence so

-6-

> that he could remain in the United
> States and be near his family.

(*Id.*). "Despite my advice, Mr. Buenrostro rejected the [government's] plea agreement, and I took his case to trial" (*Id.*).

### DISCUSSION

The Supreme Court has recently issued two opinions specifically relating to habeas motions complaining of ineffective assistance of counsel at the plea bargaining stage. *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler,* 132 S. Ct. at 1384. "In this case, as in [*Frye*], also decided today, a criminal defendant seeks a remedy when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler,* 132 S. Ct. at 1382-83. "Here, the favorable plea offer was reported to the client but, on advice of counsel, was rejected." *Id.* at 1383. "[A]fter the plea offer had been rejected, there was a full and fair trial before a jury. After a guilty verdict, the defendant received a sentence harsher than that offered in the rejected plea bargain." *Id.*

In *Lafler*, the Supreme Court adopted the two-part *Strickland* test for the evaluation of the adequacy of assistance

of counsel with regard to a rejected plea agreement.  *Lafler,* 132 S. Ct. at 1384, citing *Strickland v. Washington*, 466 U.S. 668 (1984).  In *Strickland*, "we adopted a two-part standard for evaluating claims of ineffective assistance of counsel.  There, . . . we reiterated that '[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.'"  *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (citing *Strickland*, 466 U.S. at 687-688).  "We also held, however, that '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hill*, 474 U.S. at 57 (citing *Strickland*, 474 U.S. at 694).

In *Lafler*, "In a communication with the court respondent admitted guilt and expressed a willingness to accept the offer."  *Lafler,* 132 S. Ct. at 1383.  Moreover, the *Lafler* case "[came] to the Court with the concession that counsel's advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment . . . ."  *Lafler,* 132 S. Ct. at 1383.

In this case, there is no evidence of such willingness on Mr. Buenrostro's part to accept the plea agreement.  In his motion, Mr. Buenrostro claims that he never stated that he was innocent and that he would have pleaded guilty had Mr. Shapiro

advised him to do so.  However, the record evidence establishes otherwise.  First, at the August 25, 2010, hearing, Mr. Buenrostro clearly stated that he was not guilty because he did not know that there were any drugs in his car.  Second, despite the fact that Mr. Potter laid out in detail the government's evidence against Mr. Buenrostro and advised Mr. Buenrostro in no uncertain terms to accept a plea agreement, Mr. Buenrostro refused and fired Mr. Potter.  Thus, unlike *Lafler*, there is no evidence that Mr. Buenrostro was willing to accept the plea agreement; on the contrary, he indicated his refusal to do so at three different hearings.

In addition, in this case, there is no concession by the parties that Mr. Shapiro's advice was inadequate.  Indeed, the Court has a hard time believing that Mr. Shapiro, who the Court knows to be a competent lawyer, would state that he "was sure of a win" at trial or that he was "sure" of prevailing on appeal, and Mr. Buenrostro has provided no evidence to support these allegations.  To the contrary, Mr. Shapiro stated in his affidavit that he "advised [Mr. Buenrostro] on at least three separate occasions that he should accept the 10 year plea offer of the government to avoid a lengthy prison sentence."  "A presumption exists that counsel is competent, and the petitioner bears a heavy burden in overcoming the presumption." *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983).

Assuming, *arguendo,* that Mr. Shapiro had advised Mr. Buenrostro that he was sure of a win, Mr. Buenrostro would then have to show that he was prejudiced. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Frye*, 132 S. Ct. at 1409.

Mr. Buenrostro has not shown that he was prejudiced, because he has not demonstrated a reasonable probability that he would have accepted a plea agreement when advised to do so by Mr. Shapiro. In fact, when faced with strong advice from Mr. Potter to accept the plea agreement, Mr. Buenrostro refused. The Court has no reason to believe that Mr. Buenrostro then had a change of heart such that he would have acted any differently when Mr. Shapiro gave him the same advice, to accept the plea agreement.

Due to a lack of any credible evidence in support of his motion, Mr. Buenrostro's ineffective assistance of counsel claim will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court